FRENCH, FINCH & COMPANY v. J. A. HICKS ET AL.

Decided November 28, 1908.

**Bond—Liability of Sureties—Agreement Between Obligor and Sureties.**

Where the obligee in a bond prepared the same for execution by the obligor and his sureties, and expressly stipulated therein that the bond would not be operative without three sureties, the obligee was charged with notice when the bond was returned to and accepted by him with only two sureties that the sureties who signed the bond did so upon condition that the bond would not be operative unless a third surety was obtained. In a suit upon such bond, evidence considered, and held sufficient to support a verdict for the defendant sureties.

Appeal from the County Court of Kaufman County. Tried below before Hon. Nestor Morrow, Special Judge.

*T. L. Camp, A. H. Dashiell* and *R. G. Watson,* for appellant.

No brief for appellees.

RAINEY, CHIEF JUSTICE.—This is a suit by appellant, French, Finch & Company, plaintiff below, against appellees, defendants in the court below, J. A. Hicks, as principal, and M. G. Goss and J. F. Sutton, as sureties, on the bond which J. A. Hicks executed to Kellogg, Johnson & Company.

The plaintiff alleged, among other things, that J. A. Hicks made a contract on the 14th day of August, 1902, with Kellogg, Johnson & Company, a private corporation doing business at St. Paul, Minnesota, by the terms of which Kellogg, Johnson & Company employed Hicks for the period of one year to travel in the State of Texas and sell goods for Kellogg, Johnson & Company, each to reserve the right to sever the contract upon giving the other ten days' notice in writing. That Kellogg, Johnson & Company was afterwards succeeded in all its rights and privileges by the appellant herein. That Kellogg, Johnson & Company was to advance Hicks $50 per week as traveling expenses, to be returned to Kellogg, Johnson & Company out of the commissions earned on the sales made by him. That Hicks executed a bond to Kellogg, Johnson & Company with two sureties on the bond, Goss and Sutton, and that said bond provided that Hicks should return the samples and cases and all sums of money advanced to him under the terms of the

contract in excess of the commission earned thereunder, and that Kellogg, Johnson & Company cancelled the contract of employment by giving Hicks ten days' notice in writing in the latter part of March, 1903, and that at the time of the cancellation of the contract Hicks owed Kellogg, Johnson & Company $648.60.

Defendant J. A. Hicks answered by general denial, and then subsequently plead an oral agreement made between himself and Kellogg, Johnson & Company, at St. Paul, Minnesota, whereby Kellogg, Johnson & Company engaged him to perform certain services independent of the written contract, and that these services he performed, while there was no compensation agreed upon in advance, were reasonably worth the sum of $900.

Defendants Goss and Sutton plead that at the time of the execution of the bond Hicks agreed with them to procure another surety, and that he would not deliver the bond until the said surety had been obtained.

The trial was before the court without a jury, and the court found in favor of French, Finch & Company against J. A. Hicks for the full amount sued for and interest, and found in favor of J. A. Hicks for services rendered independent of the contract in the sum of $248.60, leaving a judgment in favor of French, Finch & Company against Hicks for $400, and found in favor of defendants, Goss and Sutton. Plaintiff appeals.

The trial judge's conclusions of fact are correct and they are adopted as the conclusions of this court, and are as follows:

"That Kellogg, Johnson & Company, a private corporation incorporated under the laws of Minnesota, entered into a written contract with the defendant J. A. Hicks, of Terrell, Texas, on the 14th day of August, 1902, a true copy of which is attached to plaintiff's petition. That said contract provided among other things that the defendant Hicks should furnish three satisfactory sureties on a $1,000 bond for the faithful performance of the contract by the said Hicks, and that until said bond was so furnished said contract should not be operative. That R. L. Warren represented the said Kellogg, Johnson & Company in the matter of accepting the contract and bond, and that after the contract had been executed in duplicate he furnished defendant Hicks with the bond to be executed. That defendant Hicks took the bond and his copy of the contract and went to the defendants M. G. Goss and J. F. Sutton and exhibited to them the contract and bond and requested them to become his sureties. That Hicks told each of them that there were to be three sureties on the bond, and that each of said sureties signed said bond with the knowledge that the contract provided there should be three sureties and with the understanding with defendant Hicks that there should be three. That after defendants Goss and Sutton had signed same defendant Hicks took the bond back to said R. L. Warren, who, acting for Kellogg, Johnson & Company, accepted it. That when the bond was delivered to R. L. Warren nothing was said by either Hicks or Warren as to a third surety or as to the understanding by Goss and Sutton that there should be another surety. That Warren accepted the bond and sent it to Kellogg, Johnson & Company. That neither Warren nor Kellogg, Johnson & Com-

pany knew anything or had any notice of the understanding between Hicks and Goss and Sutton that there should be another surety further than such knowledge and notice thereof was given them by the contract. That after Kellogg, Johnson & Company had received the contract and bond they requested by letter the defendant Hicks to at once come to St. Paul and confer with them. That Hicks at once went to St. Paul and that while there the said Kellogg, Johnson & Company, through one of its officers, furnished defendant Hicks with a list of its debtors in Texas in the territory over which he was to travel as their drummer, and requested him to visit these parties and make reports of same. That the work thus requested to be done by Hicks was not that or any part of that contemplated in the contract. That neither Hicks nor Kellogg, Johnson & Company made any mention of compensation to be given for same and no claim was made therefor by Hicks until after this suit was brought. That defendant Hicks began work under said contract about the last of August, 1902, and continued until some time in March following, about seven months, when the contract was terminated by plaintiff, who in the meantime had succeeded to all the rights and liabilities of Kellogg, Johnson & Company. That during the time defendant Hicks traveled as the salesman of plaintiff he spent some time and some money in looking after and reporting on the financial condition of plaintiff's debtors at the request of plaintiff, and that the services thus rendered were reasonably worth the sum of $248.60. That plaintiff furnished defendant Hicks, under said contract, about $1,125, and that the amount of commissions earned by Hicks during said time amounted to about $476.40. That the sureties Goss and Sutton did not know until the filing of this suit but that there was another surety to the bond."

The appellant submits its second assignment, which is: "The court erred in finding for the defendants, Goss and Sutton, because the uncontroverted evidence was that the plaintiff had no knowledge of any agreement made between them and the defendant Hicks as to the number of sureties to be obtained on the bond, and the plaintiff had the right to waive the provision in the contract as to the number of sureties which Hicks was required to furnish on the bond, and in the absence of any knowledge on the part of the company that Goss and Sutton relied on the provision that there would be three sureties, they cannot escape liability on account of any private agreement between them and Hicks."

This assignment will be treated as a proposition, and in addition, the following proposition thereunder is submitted: "A stipulation in a contract between an obligee and obligor that the obligor should obtain three sureties on a bond is solely for the benefit of the obligee and can be waived by the obligee at his pleasure, and any agreement between the obligor and his sureties, unknown to the obligee, that the stipulation in the contract should be varied or changed cannot inure to the benefit of the sureties and permit them to take advantage of what the obligee had the right to do."

We think it settled that a surety who signs a bond perfect on its face can not escape or limit his liability upon conditions made with the obligor that before it should be delivered to the obligee other persons

were to sign it, when that other person or persons had not signed it, unless before he accepted the bond the obligee had received notice of such conditions. (Bopp v. Hansford, 18 Texas Civ. App., 340, and authorities there cited.)

But can it be said that the obligees in this instance had no knowledge of the condition upon which Goss and Sutton signed the bond as sureties? We think not. It is true that the obligor never told the obligee or its agent, of any condition made by the sureties, but the bond itself contains this stipulation: "The party of the second part agrees to furnish three satisfactory sureties on a One Thousand Dollar Bond for the faithful performance of this contract, and the return of said sample cases and other property and the excess of any funds furnished to party of the second part during the existence of this contract over and above the amount earned by said party under the terms thereof, and when this bond is furnished, then this contract becomes operative and not otherwise." By reason of this stipulation the bond upon its face showed that it was inoperative. The obligee furnished the bond for execution, and it cannot be said that the obligee was without knowledge of said condition. Therefore, the proposition that the obligee could waive the stipulation and accept the bond with two sureties, and make the bond operative as to them without their knowledge or consent, does not apply. With the stipulation that the bond would not be operative without three sureties, and there being only two signatures to it, the obligee had no right to assume that the two had attached their signatures without any condition, and that they were bound thereby. There was no error in the court rendering judgment in favor of Goss and Sutton, as no liability had been attached to them.

The proposition that defendant's claim was unliquidated and could not be interposed as a setoff to plaintiff's demand, we do not think well taken. Defendant's setoff was so connected with and incident to the first contract that we are of the opinion the court properly considered it in this action.

We have examined all errors assigned, and find no error requiring a reversal of the judgment. The evidence supports the judgment, and it is affirmed.

*Affirmed.*