## LEGH BEAUCHAMP v. E. C. COUCH ET AL.

### Decided March 17, 1909.

**1.—Contract—Executory Contract—Consideration—Promise.**

A promise to do, forbear or suffer given in return for a like promise is a consideration for an executory contract, provided that the promise is not illegal or against public policy.

**2.—Notes and Bills—Default of Payee—Burden of Proof.**

Where the defendant contracted to buy from plaintiff certain land and other property and executed and delivered his promissory note to plaintiff which was taken by the latter as so much cash in lieu of the sum mentioned in the contract as paid and stipulated to be taken as a forfeit and retained by plaintiff as liquidated damages in case defendant failed or refused to comply with the contract, and suit was on the note, prima facie the defendant was liable, and the burden was on him to show such default or refusal of plaintiff to perform his promise or part of the agreement as would excuse him from performance.

**3.—Contract—Forfeit—Sale of Land—Homestead.**

Where suit was upon a note executed and delivered to plaintiff by defendant, and it appeared from the pleadings and evidence that at the same time the note was executed the parties entered into a contract in writing by which plaintiff agred to sell and convey, and the defendant agreed to buy

certain lands, including the homestead of the former, at a stipulated price; that the note sued on was taken by the plaintiff as part of the cash payment recited in the contract, and that it was stipulated that such sum was to be taken as forfeit and retained by plaintiff in case defendant defaulted on the contract; and the undisputed evidence was that plaintiff was ready, willing and able to perform the contract at the time and place stipulated, but defendant failed to meet him and wholly ignored his part of the agreement and offered no reason or excuse, the latter could not be heard to say there was no consideration for the note, and the plaintiff was entitled to recover thereon and also retain what other sum he received as a part of the cash consideration paid.

Appeal from the District Court of Kimble County. Tried below before Hon. Clarence Martin.

*Horace E. Wilson* and *M. E. Blackburn,* for appellant.

*R. P. Connor,* for appellees.—The contract not being enforceable against the portion of the land constituting the homestead, and there being no provision for the sale of any of the tracts of land separate and apart from the homestead, there was no valid and binding consideration on part of the plaintiff to enable him to enforce the contract against the defendant Couch. Munk v. Weidner, 9 Texas Civ. App., 495; Specht v. Collins, 81 Texas, 213; Coker v. Roberts, 71 Texas, 602; Weatherly v. Choate, 21 Texas, 272; Cooper v. Pena, 21 Cal., 409.

There can be no valid and binding executory contract for the sale of the homestead by the husband or by the husband and wife, and the contract between Beauchamp and Couch was not mutual and the breach of it by Couch put an end to it. There must be such mutuality at the time the agreement is concluded between the parties as will enable either party to enforce the contract. The only contract binding upon plaintiff as to the homestead would have been a deed from himself and wife to defendant duly executed and acknowledged. Beauchamp and his wife resided upon and occupied part of said land as their homestead and continued to reside upon and occupy same as their homestead up to and including September 30, 1907. Munk v. Weidner, 9 Texas Civ. App., 495; Houston & T. C. Ry. Co. v. Mitchell, 38 Texas, 94; 1 White & Wilson, sec. 404; DeCordova v. Smith, 9 Texas, 144.

Since defendant Couch could not be required to accept less than the whole of the lands included in said contract of sale, and the contract of sale is not binding as to the homestead, it is an incomplete contract. Williams v. Graves, 7 Texas Civ. App., 365-7; Summers v. Mills, 21 Texas, 78; Jones v. Goff, 63 Texas, 248; Berry v. Donley, 26 Texas, 737; Freedman v. Lombard Investment Co., 30 S. W., 371.

NEILL, Associate Justice.—This suit was brought on December 21, 1907, by Legh Beauchamp against the appellees, E. C. Couch and McD. Henderson, to recover on the following promissory note:

"$800.00.

"No. ........ Junction, Texas, August 26, 1907. Thirty days after date, for value received, I, we, or either of us promise to pay

to the order of Legh Beauchamp, Eight Hundred Dollars at Junction, Kimble County, Texas, with ten percent interest per annum from maturity until paid. And in the event default is made in the payment of this note at maturity and it is placed in the hands of an attorney for collection, or suit is brought on the same, then an additional amount of ten percent on the principal and interest of this note shall be added to the same as collection fees.

"(Signed) E. C. Couch,

McD. Henderson."

The allegations in plaintiff's petition were such as are usual and proper in actions of this character.

The defendants answered by a general denial, and the defendant Couch by a special plea of failure of consideration, in which he alleged in connection with and as a part of the contract by which the plaintiff agreed to sell him eight thousand acres of land and also certain horses and other property (the contract is, in substance, set out in our conclusions of fact); that the contract recited a cash consideration of $1,000 paid by defendant to plaintiff, when, in fact, the consideration paid when the contract was made was a check drawn by defendant for $200 in favor of the plaintiff which he afterwards collected, and the note sued on. That the contract required plaintiff to furnish defendant an abstract of title and execute deeds of conveyance to said land; but that the defendant never received any part of land or other property, nor did plaintiff furnish the abstract of title, nor execute and deliver the deeds of conveyance, but retained the exclusive possession of said property, and has since sold it to another party. That a portion of the eight thousand acres included plaintiff's homestead, and that he and his wife did not, at the time of making the contract, execute a deed to the land described therein, nor have they since, nor has defendant received any of the rents or revenue from the property; and that the contract was never consummated, and, it being for the sale of a homestead, could not be enforced by defendant, was void for the lack of mutuality, wherefore the note was without consideration and void. That plaintiff by the sale of the property rescinded the contract and is not, therefore, entitled to hold the note nor the $200 collected by him on defendant's check. The answer concluded with a prayer for the cancellation of the note and judgment against plaintiff for the $200 collected by him on the check.

The plaintiff, by a supplemental petition, denied the allegations in defendant's answer; set out the contract referred to in full, and averred that he had complied with all its terms; that he had prepared an abstract of title to the land for defendant, and upon September 30, 1908—the date stipulated in the contract for the delivery of the deeds of conveyance—he and his wife went to Junction City, Kimble County, Texas, the place designated for the delivery of the deeds, and were then and there ready and willing to convey the property to defendant Couch, but that said defendant did not meet plaintiff there nor make or tender the payments as he agreed to do by the contract, whereby he became liable under its terms to pay plaintiff the amount stipulated in the note according to its tenor and effect. That the defendant

Henderson was not a party to the contract, but signed the note as an accommodation maker for the purpose of securing the same.

The case was tried without a jury upon an agreed statement of facts, and judgment was rendered against plaintiff in favor of defendant Couch for $214 (the principal and interest on the check) and a cancellation of the note decreed.

*Conclusions of Fact.*—The execution of the note sued upon and the contract referred to in the pleadings of the parties were admitted and introduced in evidence. So much of the contract as is necessary to be stated in order to dispose of this case is as follows:

"The State of Texas,
 County of Kimble.

"This contract this day entered into by and between Legh Beauchamp, of the county of Kimble, State of Texas, party of the first part, and E. C. Couch, of the county of Brown, State of Texas, party the second part, witnesseth. The party of the first part has this day sold to the party of the second part all of his ranch situated on the North Llano River, in Kimble County, Texas, about ten miles from the town of Junction, Texas, consisting of about 8000 acres of land, of which about 5500 acres of land are patented lands and 1920 school land, and also 640 acres of leased land." (Then follows the stipulation for the sale of cattle, horses and goats on the ranch, and the description of the animals by marks and brands.) "In consideration of which the party of the second part has agreed to pay the sum of Nineteen Thousand Dollars, in the manner as follows, to wit: In cash, the sum of $1000, the receipt of which by the party of the first part is hereby acknowledged; $9000 in cash on the 30th day of September, 1907; $2000 secured by a note due ninety days after the date of the deed of conveyance; and the balance in six equal payments due on or before two, three, four, five, six and seven years after date respectively, all of the deferred payments to be secured by vendor's lien on the above described land, all deferred payments bearing interest at the rate of seven percent per annum, payable annually, from the date of the delivery of deeds of conveyance under the terms of this contract. It is agreed that the deeded land shall be conveyed by warranty deed, and that the school land shall be conveyed by deed with warranty of title except as against the State of Texas, the party of the second part assuming the payment of the unpaid part. The deed of conveyance shall be delivered not later than September 30, 1907, at the office of Wilson & Blackburn, in Junction, Kimble County, Texas, at which time and place the party of the second part shall pay the sum of $9000 as herein stipulated, and shall execute the notes for the deferred payments.

"The party of the first part shall furnish abstract of title for all of his patented lands, and he agrees to convey the same with good and sufficient title.

"The sum of $1000 here now paid shall be as a forfeit, and if the party of the second part fails or refuses to comply with the terms of this contract then the party of the first part shall be entitled to retain

the same as liquidated damages for the loss or damage he may have suffered by reason of the default of the said party of the second part. But in the event the title to the aforesaid land fails to comply with the conditions of this contract then the party of the second part shall not be required to accept same and he shall be entitled to the return of the sum of $1000 here now paid as a forfeit.

"Witness our hands this 26th day of August, 1907.

"(Signed) Legh Beauchamp.
E. C. Couch."

The contract was, on the day it was executed, duly acknowledged by both parties thereto.

The agreement by the attorneys of the parties as to the statement of facts, which was signed by them and approved by the court, is as follows:

"It is agreed between the attorneys for the parties in this cause that the following facts shall be considered the only facts proven in this cause in addition to the note sued on in this cause and the contract pleaded by plaintiff in his first supplemental petition: The contract set out in plaintiff's first supplemental petition is a copy of the contract executed by plaintiff and defendant N. C. Couch for the sale of the land therein described; that at the time of execution of said contract defendant E. C. Couch delivered to plaintiff Legh Beauchamp a check for $200, which plaintiff collected and appropriated to his own use. That at the same time defendant E. C. Couch executed and delivered to plaintiff a promissory note for $800, dated August 26, 1907, due thirty days after date, payable to the order of Legh Beauchamp and which note is signed by McD. Henderson as a principal with said defendant Couch, and is the note introduced in evidence in this case.

"That said sum of $200 and the note for $800 were accepted by plaintiff Legh Beauchamp as a cash payment at the time of signing said contract, and represents the sum of $1000 alleged to be paid in said contract.

"That the abstract of title as required by said contract was prepared by Horace E. Wilson prior to the 30th day of September, 1907, and was ready in the office of Wilson & Blackburn for delivery one or two days before the 30th day of September, 1907.

"That on the 30th day of September, 1907, plaintiff and his wife, Aurelia Beauchamp, came to the office of Wilson & Blackburn, at Junction, Texas, for the purpose of making and delivering deeds of conveyance in accordance with the terms of said contract, but that said deeds were not executed.

"That defendant E. C. Couch was not present at Junction, Texas, but was in fact at his home in Brown County, Texas, on said date and that plaintiff knew of this fact.

"That 200 acres of the land included in said contract of sale constituted the homestead of plaintiff Legh Beauchamp and his wife, Aurelia Beauchamp, on which they resided at the time of making said contract of sale and on which they continued to reside and occupied as their homestead on the 30th day of September, 1907; that at no

time after the execution of said contract of sale did defendant E. C. Couch offer to comply with the terms of said contract of sale, but on the 30th day of September, 1907, there were liens affecting the title of some of the tracts of land included in said contract of sale, but not exceeding $1000, but that plaintiff expected to pay off said liens out of the sum of $9000, to be paid him on that day by defendant Couch and that the lienholders were ready and willing to release said liens upon payment of the notes secured thereby.

"That plaintiff and his wife, Aurelia Beauchamp, on or about February 13, 1908, conveyed the land included in this contract of sale to C. L. Dunbar for a valuable consideration paid, and delivered possession of the same to said C. L. Dunbar.

"It is agreed that the defendant, E. C. Couch, was never in possession of any part of the property mentioned in said contract of sale and did not receive anything from the rents, hire and use of said property. That plaintiff, Legh Beauchamp, retained possession and control of the property included in said contract of sale and received all rent and profit derived from said property."

*Conclusions of Law.*—In view of the undisputed facts, we can not perceive upon what principle of law the judgment against plaintiff was rendered. Upon its face, the written agreement between the parties shows all the elements of a valid executory contract. The competency of the parties to make the agreement is unquestioned, no fraud is alleged or indicated on the part of the plaintiff, nor breach by him of any part of the agreement shown. That there was a valid consideration for the agreement can not be questioned. It is elementary that "a promise to do, forbear or suffer given in return for a like promise" is a consideration for an executory contract, provided that the promise is not illegal or against public policy. No illegality in the promise of either party is suggested or intimated.

*Prima facie,* defendants are liable on the note sued on; and the burden was upon them to show such default or refusal of plaintiff to perform his promise or part of the agreement as would excuse them from performing their promise. The evidence wholly fails to show any such default or refusal of the plaintiff to perform his part of the agreement as would excuse the defendant Couch from performing his. On the contrary, it is indisputably shown that Couch failed and refused to perform any part of his agreement. He can not put plaintiff in default by his failure, nor be heard to say, "I never received anything of value for the note," when he failed to perform such part of the agreement as would have entitled him to receive from the plaintiff the land, cattle, horses, goats and other property bargained for in the contract.

The plaintiff had the abstract of title prepared and ready for defendant Couch, as he agreed to do by the contract; he went with his wife to Junction City upon the day appointed for the purpose of executing and delivering to Couch the deeds to the property he had agreed to sell him; he was ready and willing to make the deeds, and his wife to join him in one to the part of the land which was their homestead, upon Couch's paying him as much of the purchase money

as was to be paid at the time and executing to plaintiff his notes for the balance as agreed upon in the contract; the defendant Couch failed to meet him at the time and place when and where the executory contract was to be executed and performed by both parties; but, on the contrary, he wholly ignored his part of the agreement, and offered no reason nor excuse whatever for breaking his promise. Couch having thus defaulted, plaintiff could not be expected to, nor was he required to, execute and deliver the deeds to him; nor can either Couch or his codefendant be heard to say there was no consideration to support the note. It was taken as so much cash, in lieu of $800 of the $1000 mentioned in the contract as paid and stipulated to be taken as a forfeit and to be retained by plaintiff as liquidated damages in case Couch failed or refused to comply with the contract, for the loss or damages suffered by plaintiff by reason of such default.

Such default was made and, according to the terms of contract, plaintiff was entitled to the $1000 as liquidated damages. Therefore, he was entitled to judgment against defendants on the note and to retain the $200 received by him on defendant's check for the balance of the $1000. (Halff v. O'Connor, 14 Texas Civ. App., 191; Santa Fe Ry. Co. v. Schutz, 37 Texas Civ. App., 14; Tobler v. Austin, 22 Texas Civ. App., 100.)

Therefore the judgment of the District Court is reversed and set aside, and judgment is here rendered in favor of the plaintiff (appellant) against the defendants (appellees) for the amount, principal, interest and ten percent thereon, due upon the note sued on.

*Reversed and rendered.*

Writ of errer refused.