# JANUARY, 1896.

Houston & Texas Central Railway Company v. Thomas M. Shirley.

89  95
89  468

No. 217.—Decided June 3, 1895.

Motion for Rehearing Overruled January 6, 1896.

**1. Avoiding Sale for Fraud.**

In order to invalidate a sale on ground of fraud it is necessary to establish (1) fraud on the part of the vendor, and (2) notice thereof on part of vendee. Such notice may be shown by proving actual knowledge of the fraud, or actual knowledge of circumstances sufficient to put a reasonably prudent person upon inquiry leading to the fact of fraud. (P. 98.)

**2. Inquiry—Constructive Notice.**

The law does not impose upon a vendee the duty of any diligence until he has knowledge of some circumstance sufficient to put a reasonably prudent man upon inquiry. In absence of such knowledge he may assume good faith on part of the vendor. (P. 99.)

**3. Fraud—Notice—Charge.**

In an action to avoid a sale for fraud, it was error to charge the jury to find for the plaintiff if they believed it (the plaintiff) "might have known" of the fraudulent intent of the vendor "by the exercise of ordinary diligence." The statute, article 2545, provides that the vendee's title shall not be affected "unless it appear that he had notice of the fraudulent intent." (Pp. 98, 99.)

**4. Charge—Construction of Deed in Evidence.**

The issue being whether a deed in evidence was fraudulent, it was the duty of the court to instruct the jury as to the legal effect of such deed, subject to their finding upon the issue of fraud. (P. 99.)

**5. Charge.**

A sale of the road-bed, franchise, etc., made March 31, 1873, was attacked for fraud. To support the charge, a sale by the railway company of its land grant, made June 24, 1874, was admitted in evidence as a circumstance. The defendant was entitled to a charge that if the jury believed that there was no fraud in the sale of March 31, 1873, they must find for the defendant, though they believed that the sale of June, 1874, was fraudulent. (Pp. 99, 100.)

**6. Fraud—Competent Evidence.**

It being contended that the sale attacked was not necessary, for that the railway company could have met the debt for which the sale was made by the sale of its bonds, it was competent to prove what such bonds could have been sold for on the market had they been issued; as also would be competent all circumstances tending to show the probable value of the road and of its bonds. (P. 100.)

**7. Opinion—Expert Testimony.**

Persons familiar with the market value of bonds of such a road, from the circumstances and facts, would be competent to express an opinion as to what the bonds of the railway company could have been sold for on the market for cash. (P. 100.)

**8. Value of Bonds of Other Railway Company.**

It was incompetent to show the rate at which bonds of the Houston & Texas Central Railway, secured upon the same line of road, were sold. The promise by the H. & T. C. Ry. in the bonds secured upon the branch road was of itself an element of value. (P. 101.)

ERROR to the Court of Civil Appeals for Third District, in an appeal from McLennan County.

For statement and history of the case see opinion and the reports of former appeals which are referred to therein.

*Baker, Botts, Baker & Lovett* and *E. H. Graham,* for plaintiffs in error. —It is not incumbent on a purchaser to use diligence to discover the fraud of his vendor unless he is put upon enquiry by facts and circumstances within his knowledge, and then the jury should be instructed as to what is due diligence, that is, such as a person of ordinary prudence would use under like circumstances. Dodd v. Gaines, 82 Texas, 434; Blum v. Simpson, 66 Texas, 86; Jones v. Hetherington, 45 Iowa, 681; 2 Pom. Eq., 597.

It was not only the province but the duty of the court to construe these instruments and state to the jury their legal effect, even though charged to have been fraudulently made; and it was error in the court, prejudicial to the defendants, to refuse to do so, and more especially so in view of the fact that it was admitted that the sale under the deed in trust was regularly made, and that there was a large mass of documentary evidence before the jury, without any explanation as to the construction of it, how they could use it, or for what purpose it was offered. San Antonio v. Lewis, 9 Texas, 69; Cook v. Dennis, 61 Texas, 249; Ivey v. Williams, 78 Texas, 687; Swift v. Herrera, 9 Texas, 280; Beale v. Ryan, 40 Texas, 399.

It was error to permit plaintiff Shirley to testify to his opinion as to the value of the bond of the defendant company, if issued: The testimony was irrelevant and incompetent. Railway v. Maddox, 75 Texas, 305; Willis v. McNeill, 57 Texas, 465; Railway v. Larkin, 64 Texas, 454; Railway v. Hall, 78 Texas, 175; 2 Whart. Ev., 1290-1291.

The judgment of the District Court, approved by the Court of Civil Appeals, was without evidence to support it, because no fraud in this sale was shown either actual or constructive. (a) The defendant is entitled to the presumption of fairness and honesty until it is overcome. Turner v. Lambeth, 2 Texas, 369; Giddings v. Steele, 28 Texas, 757; Bump, Fraud. Convey., 560. (b) The evidence of fraud must be so clear and strong as to produce satisfactory conviction and belief in the mind, etc. Linn v. Wright, 18 Texas, 337; Greer v. Caldwell, 14 Ga., 215; s. c., 58 Am. Dec., 558. (c) Slight trivial or merely suspicious circumstances will not do, etc. Kellum v. Smith, 18 Texas, 849; Burch v. Smith, 65 Am. Dec., 160; Bump, F. C., 560-585. (d) If proved by circumstantial evidence only, the circumstances must be so strong that no other reasonable conclusion can be drawn from them, etc. Paxton v. Boyce, 1 Texas, 325; Tompkins v. Bennett, 3 Texas, 47; Thames & Co. v. Remberts, 63 Ala., 567. (e) In all classes of cases it will not do to say there is some evidence to support the verdict. It must be reasonably sufficient to satisfy the mind, etc. Chandler v. Meckling, 22 Texas, 42; Railway v. Schmidt, 61 Texas, 286; Railway v. Marcelles, 59 Texas, 335. (g) When the evidence

is record evidence, the stringency of the rule relating to verdicts is re-
laxed. Henderson v. Jones, 2 U. C., 230; Thorn's Heirs v. Frazier's Heirs,
60 Texas, 260; 16 Am. & Eng. Encycl. Law, 555.

*L. C. Alexander,* also for plaintiffs in error.

The twentieth assignment of error (petition p. 32) is this in substance
that: The Court of Civil Appeals erred in holding that the court below
did not err in overruling the defendant's motion for a new trial based on
the ground that "The verdict of the jury is without evidence to support
it, in that there was no evidence before the jury, nor was any information
conveyed to the jury by the court, that there was any indebtedness of the
Waco Tap or of the W. & N. W. Co. to the plaintiff Shirley, nor the
amount of any debt due or claimed, such evidence being absolutely neces-
sary to enable the jury to determine the question of fraudulent convey-
ance."

This point was presented in the motion for a new trial, was assigned
as error, was presented in the Court of Civil Appeals, and in the motion
for a rehearing, which was overruled.

This assignment of error is presented as a proposition.

*Statement.*— The Supreme Court on the last appeal held that the
amount of the debt and damages was fixed by the judgment from which
that appeal was taken. (78 T., 131.) But that fact was in no way com-
municated to the jury on the last trial. And it was not shown by the
evidence before the jury in any way that Shirley was a creditor of either
of the railway companies or of any defendant.

The charge of the court nowhere informed the jury that Shirley was
a creditor in any amount. It proceeds on the hypothesis that he was a
creditor, but nowhere informs them that he was such.

*E. A. McKinney* and *R. A. Reeves* each filed argument for defendant in
error.

DENMAN, ASSOCIATE JUSTICE.—This is the fourth time this case
has been before this court, the former opinions being reported 45 Texas,
366; 54 Texas, 125, and 78 Texas, 139.

The pleadings have not been amended since the rendition of the last
opinion remanding the case "with instructions to the court below to try
the issue whether the sale of the Waco & Northwestern Railway, made to
the Houston & Texas Central Railway Company through and under the
terms and provisions of the deed of trust executed by John T. Flint, for
and as president of the Waco & Northwestern Railway Company, to Gray
and Botts, the trustees therein mentioned, for the Houston & Texas Cen-
tral Railway Company, was fraudulent as to appellant's rights as a cred-
itor of said Waco & Northwestern Railway Company, and to try no other
issue now made or presented by the pleadings in this cause."

In compliance with said instructions, the sole issue submitted to the jury on the last trial was whether said sale was fraudulent.

The jury found it fraudulent, and, upon such finding, the trial court, in accordance with the directions of this court in the opinion on last appeal, established a lien upon the road so sold, in favor of Shirley, for the full amount of his claim as established on said last appeal, which, at the time of the verdict and judgment here complained of, amounted to $159,871.48.

In view of the singleness of the issue and the statements in former opinions herein, we do not deem it necessary to an understanding of the questions hereinafter discussed to give even an outline of the pleadings and evidence contained in the voluminous record before us.

Each of the questions hereafter discussed is raised by proper assignment of error.

The court charged the jury as follows:

"In connection with the foregoing definitions and expositions of the law, you are instructed that, if you believe from all of the evidence before you adduced upon the trial of this cause that the sale of the Waco & Northwestern Railroad Company and its property, as is described in said deed of trust, executed by John T. Flint, its president, to Gray and Botts, the trustees named in said deed of trust, was made, under said deed of trust by said trustees to the Houston & Texas Central Railway Company, as pleaded by plaintiffs, with the intent upon the part of the said Waco & Northwestern Railroad Company, acting by its officers and directors, to delay, hinder or defraud plaintiff's rights as a creditor of the said Waco & Northwestern Railway Company, and the Houston & Texas Central Railway Company, through its officers or directors had knowledge of such intent, if any, upon the part of the said Waco & Northwestern Railroad Company to so delay, hinder, or defraud plaintiff's rights as a creditor, or might have known such intent, if any, to so delay, hinder, or defraud, by the exercise of ordinary diligence upon the part of it, the Houston & Texas Central Railway Company, acting by its officers and directors as aforesaid, you will find for the plaintiff; and if you so find the form of your verdict should be: 'We, the jury, find for the plaintiff.'"

In order to invalidate the sale on the ground of fraud it was necessary for plaintiff to establish two facts (1) fraud on the part of the vendor in making the sale, and (2) notice thereof on the part of the vendee. Rev. Stats., art. 2465; Sanger Bros. v. Colbert, 84 Texas, 673, and cases cited.

Such notice might have been established by proof of actual knowledge of the fraud on the part of the vendee, or of actual knowledge on its part of circumstances sufficient to put a reasonably prudent person upon inquiry, in which event it would have been its duty to exercise reasonable diligence to ascertain whether fraud existed, and a failure to do so would have charged it, in law, with notice of such fraud, if the jury believed that by the use of such diligence it might have discovered same.

McClure v. Oxford, 94 U. S., 429; Ball Hutchings & Co. v. Presidio Co., recently decided by this court (88 Texas, 60). The law does not impose upon the vendee the duty of exercising any diligence, however, unless and until, he has knowledge of some circumstance sufficient, in the opinion of the jury, to put a reasonably prudent person upon inquiry. In the absence of such knowledge he has the right to assume good faith on the part of the vendor. The charge quoted is at variance with these principles. It required the jury to find against the vendee if they believed it "might have known" of the fraudulent intent of the vendor "by the exercise of ordinary diligence," although they may have believed it had no knowledge of such fraud nor of any circumstance sufficient, in their opoinion, to put a reasonably prudent person upon inquiry.

The jury may have believed from the evidence that the vendor was actuated by a fraudulent intent, but that the evidence was not sufficient to show knowledge on the part of the vendee of such intent, nor of any circumstances sufficient to put a reasonably prudent person upon inquiry, and, still, under the charge, may have found for plaintiff on the ground that defendant "Might have known such intent by the exercise of ordinary diligence;" whereas the statute expressly provides that in such case the vendee's title shall not be affected, "unless it appear that he had notice of the fraudulent intent." Rev. Stats., art. 2465; Tillman v. Heller, 78 Texas, 601. We are of the opinion that the charge was erroneous in the particular above indicated. Dodd v. Gaines, 82 Texas, 434.

Although the instruments relied upon by defendant as showing its title were assailed by plaintiff for fraud in their execution, it was the duty of the court to construe them and instruct the jury as to their legal effect, subject to their finding on the issue of fraud.

They being in proper form, and it having been admitted that the sale under the trust deed was duly made, the jury should have been instructed that the title to the road, etc., passed thereby to the defendant, unless they should find for plaintiff on the issue of fraud. The construction of the instruments was a question of law for the court: the question of fraud vel non was one of fact for the jury. The submission of the instruments to the jury on the issue of fraud, without informing them as to their legal effect, necessarily tended to confuse and lead their minds away from the real issue. We are of the opinion that the special charge asked by defendant on this subject should have been given.

The deed executed by the trustees, Gray and Botts, and attacked for fraud therein, was dated March 31, 1873, and conveyed the roadbed franchise, etc., of the Waco & Northwestern Railroad Company to the Houston & Texas Central, but its terms were not sufficient to include the land grants of the former. June 24, 1874, the former road, acting by its president, in pursuance of an order of its board of directors of same date, by deed, conveyed to the latter road the lands granted it by the State. By the former decisions in this case it has been settled that

Shirley lost his right to resort to such lands by limitation, but it was intimated that the conveyance thereof and the circumstances attending same were admissible in evidence as a circumstance, on the issue of fraud vel non in said conveyance of March 31, 1873. Accordingly, on this issue, they were introduced in evidence by plaintiff on the trial, resulting in the judgment now complained of. Under these circumstances we are of opinion that defendant was entitled to a charge to the effect that, if the jury believed that there was no fraud in the sale under the trust deed, made March 31, 1873, they must find for defendant, though they believed said conveyance of June 24, 1874, fraudulent.

The sole issue being as to whether the former conveyance was fraudulent, and the latter being introduced as a mere circumstance tending to show collusion in the former, its effect as evidence should have been limited by charge to such issue as indicated above. The special charge requested by defendant on this subject should have been given.

As above stated, the sale attacked for fraud herein was made March 31, 1873, by the Trustees Gray and Botts, under a trust deed securing to the Houston & Texas Central the sum of $600,000, cost of construction of the Waco and Northwestern Railroad Co. May 24, 1873, the Legislature passed an act merging the latter road into and making it "for every purpose in law, a part of" the former. Plaintiff's contention on the trial being that said sale was collusively and fraudulently made for the purpose of defeating his claim, he sought to show, as evidence thereof, that there was no necessity for such sale, inasmuch as the Waco and Northwestern Railway Co. could have issued and sold its bonds for more than sufficient to pay off said trust deed and satisfy plaintiff's claim. For this purpose, as we think, he was properly allowed to introduce evidence as to what such bonds could have been sold for on the market, had they been issued. In order to show such probable market value every circumstance which could reasonably have been expected to influence investors therein was admissible, such as the financial condition of the road, its length, location, outlet, and probable connections, the character, development and productive capacity of the country through which it ran, the competition and other obstacles, if any, likely to have been encountered, the character of its construction and equipment, and in fact every circumstance then reasonably tending to foreshadow its destiny as a business venture.

From such facts as a basis for determining the character of road, persons shown to have been familiar, under the rules of law applicable to such matters, with the market value of bonds of such a road would be competent to express an opinion as to what such bonds could have been reasonably sold for on the market for cash.

Taking into consideration the testimony in the record tending to show Shirley's knowledge of the circumstances of the Waco and Northwestern Railroad Company and his statement that he was in New York during the winter of 1872-3 and was familiar with the condition of the market there as to sale of railroad bonds, we are of the opinion that the court

properly permitted him to testify as to market value of such bonds at that time. The objection to the testimony was that it was "incompetent and irrelevant and a matter of opinion." If any question had been made as to Shirley's having been sufficiently familiar with the market to enable him to give his opinion, the proof on such subject would probably have been strengthened.

A more serious question arises as to the admissibility of the evidence introduced by plaintiff over objection of defendant, on this issue, to the effect that after the Waco and Northwestern Railroad, by virtue of the sale and act of merger above referred to, became a part of the Houston & Texas Central Railway Company, the latter company, in the fall of 1873, issued and negotiated at $82\frac{1}{2}$ cents its bonds on the roads thus acquired, to the amount of $20,000 per mile, and in the spring of 1875 issued thereon its second mortgage bonds to the extent of $10,000 per mile. Thus, in order to enable the jury to ascertain the value of a short line of road just constructed, without an established business, and the probable value of its bonds in the markets of the world, evidence was permitted of the value of the bonds of an extensive system, with an established business and credit, with nothing in common between the two classes of bonds except that they were secured upon the same road-bed.

The promise of the Houston & Texas Central to pay its bonds, though secured on a branch of its system, was an element of value which placed the bonds in an entirely different class from those of the Waco and Northwestern, had they been issued and placed upon the market in order to raise money to pay off its indebtedness.

Bonds of railways are valued and sold as other personal property, and before the price of one should be permitted, as evidence of value of another class, there should be shown some circumstances tending to establish that they were issued upon similar properties. We are of the opinion that the evidence was inadmissible, and that, from the very nature of the case, it was prejudicial to defendant.

The judgment should have been entered only for the principal of the claims, as directed on last appeal, with interest from date of the former judgment in the court below until paid.

The other numerous assignments in this court are either not well taken or will not probably occur on another trial and need not be discussed.

For the errors indicated the judgment will be reversed and the cause remanded for another trial in accordance with the views herein expressed and the directions of this court on the last appeal.

Brown, Associate Justice, not sitting.

*Reversed and remanded.*

Motion for rehearing was made and argued for defendant in error by *R. A. Reeves, John L. Henry* and *E. A. McKinney.* The motion was refused Jan. 6, 1896.