As we view it, the contract between the parties was unambiguous, and it was the duty of the court to construe it. Cook v. Dennis, 61 Tex. 246; Dunn v. Price, 87 Tex. 318, 28 S.W. 681; 6 R.C.L. 862. Therefore we think the instruction to the jury in the first paragraph of the court's charge, as to the policy of the law with regard to "penalties and forfeitures in contracts," should not have been given.
The only limitation in the contract on the privilege accorded Campbell "to put more land into cultivation" was that the "additional land" should "adjoin the field fence," and should be in a "rectangle." The privilege conferred was without restriction as to the quantity of "additional land" Campbell was authorized to clear and cultivate. The court, therefore, should have construed the contract as giving him a right to clear and cultivate all the timbered land. The limitation as to where he should clear, and the shape of the clearing, evidently was intended to apply only in the event Campbell elected to clear and cultivate less than all of the land; for it could have no application if he elected to clear and put all of it in cultivation.
It conclusively appeared from the testimony that Campbell had cut timber north of the Higgins tract, and was engaged in cutting timber in the northeast part of the tract in question here at the time he and Ashmore were evicted from the land. He testified that he had done and was doing that for the purpose of clearing and putting all the timbered land in cultivation. If that was true, he had done and was then doing nothing he *Page 561 
was not entitled to do under the contract. Therefore the question for the jury was one as to whether he had cut and was cutting the timber, intending in good faith to clear and cultivate all the land. An affirmative answer to such a question would have established that he and Ashmore were wrongfully evicted from the land, and as a matter of law were entitled to recover such damages as the testimony showed they had respectively suffered. On the other hand, a negative answer would have established that Campbell had violated and was violating the contract, from which it would follow as a matter of law, there being no contention that Campbell's and Ashmore's rights were violated by the manner in which they were evicted from the land, that they were not entitled to recover anything of appellants.
Such being the case made by the pleadings and the contract and the other testimony specified, the judgment should be reversed for the error referred to, unless it ought to be said that the finding of the jury in effect was that, in cutting the timber as he had cut and was cutting same, Campbell intended to put all the land in cultivation. The answer of the jury to the first question submitted to them was that Campbell was not, and their answer to the second question was that he was, cutting the timber in a manner and at a place he had a right under the contract to cut it. In view of the fact that the jury were authorized by the charge to construe the contract, we do not think the answers can be treated as a finding that Campbell intended to clear and cultivate all the land. Their answer that Campbell was cutting the timber in a manner and at a place he had a right to cut it may have been based on a conclusion they reached that he had a right to so cut the timber, notwithstanding he intended to clear and put less than all the land in cultivation.
Of the assignments complaining of the action of the court in overruling exceptions questioning the sufficiency of allegations in Campbell's answer, the fourth and seventh are sustained, and the first, second, fifth, and sixth are overruled.
The assignments not disposed of present questions not likely to arise on another trial, and therefore need not be considered.
Attention is called to the fact, which seems to have been overlooked, that the judgment against the sureties on the sequestration bond was rendered in face of the fact that the action was not on the bond, and the sureties were not made parties to the suit by any pleadings in the case.
The judgment is reversed, and the cause is remanded to the court below for a new trial.