**CHAPMAN, Banking Com'r, v. HEAD et al. (No. 54.)**

(Court of Civil Appeals of Texas. Eastland. Dec. 11, 1925. Rehearing Denied Feb. 5, 1926.)

1. **Chattel mortgages ⬢=157(3)—Trial ⬢=136 (3)—Sufficiency of description in chattel mortgage, or sufficiency of any writing placed in evidence, is question of law for court and not for jury.**

Sufficiency of description in chattel mortgage, or sufficiency of any writing placed in evidence, is question of law for court and not for jury.

2. **Chattel mortgages ⬢=150(1)—Defendants attaching property covered by valid chattel mortgage properly filed of record had constructive notice of mortgage and everything it contained.**

Defendants, attaching property covered by valid chattel mortgage properly filed of record, had constructive notice of mortgage and everything it contained, including its exact language.

3. **Chattel mortgages ⬢=157(3)—Whether language of mortgage sufficient to put reasonably prudent person on inquiry as to property covered held question of law.**

Whether language of recorded chattel mortgage was sufficient to put reasonably prudent person on inquiry as to property covered by the mortgage *held* question of law for court and not for jury.

4. **Appeal and error ⬢=1026—Evidence very nearly insufficient as matter of law to sustain verdict requires reversal for errors otherwise not reversible.**

Evidence which is very nearly insufficient as matter of law to sustain verdict calls for reversal for errors otherwise not constituting sufficient ground for reversal.

On Motion for Rehearing.

5. **Trial ⬢=350(3)—Evidence held not to justify submission of special issue whether property attached was property described in mortgage.**

Evidence *held* not to justify submission of special issue whether drilling tools which were attached by certain defendants were same tools described in plaintiff's chattel mortgage.

Appeal from District Court, Stephens County; Walter F. Schenck, Judge.

Suit by J. L. Chapman, as Commissioner of Banking, against L. D. Head and others. From an adverse judgment, plaintiff appeals. Reversed and remanded.

W. J. Rogers, of San Antonio, for appellant. Benson & Dean, of Breckenridge, for appellees.

LITTLER, J. This suit was filed by J. L. Chapman, commissioner of banking for the state of Texas, in his official capacity as statutory receiver for the Security State Bank & Trust Company, an insolvent state bank of Eastland, Tex., on June 9, 1923, against L. D. Head, sheriff of Stephens county, Jas. G. Harrell, H. V. Caldwell, and C. M. Caldwell, sureties on the official bond of said L. D. Head, and Breckenridge Fishing Tool Company, a copartnership composed of C. E. Delaney, Mike Scott, W. J. Cummings, and J. F. Champion, the individual partners thereof; alleging that the defendants converted a string of drilling tools, the Breckenridge Fishing Tool Company, suing out a writ of attachment, placed it in the hands of L. D. Head, who levied the same upon a certain string of drilling tools belonging to Geo. S. Homan, and thereafter under an order of sale issued out of the same cause, out of which the attachment writ issued, to wit, cause No. 3644 B, styled Breckenridge Fishing Tool Company v. Geo. S. Homan in the district court of Stephens county, Tex., sold said string of drilling tools at public vendue, the Breckenridge Fishing Tool Company becoming the purchaser of said tools at said sale.

The plaintiff alleged that as such commissioner of banking, he had in his possession, as an asset of the Security State Bank & Trust Company, a certain note dated February 29, 1921, due May 1, 1921, for the sum of $3,000, payable to American National Bank, signed by Geo. S. Homan, secured by chattel mortgage on one string of drilling tools owned by Geo. S. Homan, and located on the Sharp-Mahaney lease in Stephens county, Tex., alleging said mortgage to have been duly filed for record in Stephens county, Tex., according to law.

The defendant answered by general demurrer and general denial, and specially answered alleging the insufficiency of the description of the property in said mortgage. The defendant L. D. Head asked for a judgment over against his codefendants, composing the Breckenridge Fishing Tool Company, in the event judgment should be rendered against him.

The case was submitted to the jury on five special issues as follows; the jury answering same as herein indicated:

"Special Issue No. 1: You are instructed to find a verdict in favor of the defendants L. D. Head, James G. Harrell, H. V. Caldwell, and C. M. Caldwell.

"Special Issue No. 2: Is the description set forth in the mortgage introduced in evidence before you, executed by Geo. S. Homan to the American National Bank, sufficient to identify the string of tools in question as claimed to be

located on the Sharp-Mahaney lease in Stephens county, Tex., sufficient to charge the defendants with notice that the tools levied on by the defendants as located on the Robertson place at Crystal Falls, Tex., as being identically the same property? Answer yes or no. Answer: No.

"Special Issue No. 3: What was the cash market value of the tools levied on by the defendants in their attachment suit in the month of December, 1922? Answer in dollars and cents. Answer: $600.

"Special Issue No. 4: At the time the defendants in this case levied their attachment upon the tools described by plaintiff in his petition, which was done in the month of December, 1922, did they have knowledge of sufficient facts as to the contents of the mortgage introduced in evidence before you to put a reasonably prudent person on inquiry as to whether the American National Bank had a mortgage on all of the tools then being levied upon as the property of Geo. S. Homan? Answer yes or no. Answer: No.

"If you answer the foregoing issue in the affirmative, then answer the following issue: Special Issue No. 5: Did the defendants in this case, prior to or at the time they caused the attachment to be levied upon the property described in plaintiff's petition, pursue with reasonable diligence and proper inquiry to ascertain whether or not the American National Bank had and claimed a mortgage on said property? Answer yes or no. Answer: Yes."

The court also gave special issue No. 1 as requested by defendant, as follows:

"Special Issue No. 1: Was the property taken by attachment as described in the writ of attachment in evidence in this case, the same property described in plaintiff's mortgage? Answer yes or no. Answer: No."

Upon the answers to said issues, the court rendered judgment that the plaintiff take nothing by his suit and that the defendants recover their costs in this behalf expended. Plaintiff in due time filed his motion for a new trial, which was overruled by the court, to which ruling plaintiff in open court excepted and prosecutes his appeal to this court.

We will discuss the issues submitted to the jury and the answers thereto in the light of the evidence bearing upon same, which is as follows:

T. N. Atkinson testified as follows:

"That he worked on the Sharp-Mahaney lease assisting in the drilling of a well. Geo. S. Homan also worked there as a driller, and that he was there when the well was started. That Geo. S. Homan brought the tools there that the well was being drilled with. That the tools brought there by Homan were moved from that place to the Jack Robertson place at Crystal Falls, Tex. To protect these tools from the weather, the pins and boxes of the bits and stems were wrapped with burlap. Said tools were loaded and hauled to the Jack Robertson place. I do not know exactly how long these tools remained there. The tools that Mr. Homan had there at the well on the Sharp-Mahaney lease were stems, bits, boilers, fishing tools, engine and equipment for the engine, and all drilling necessities that a fellow would need around a drilling well. All of the tools he had there at the well he moved to the Jack Robertson place. I was there when the tools were taken away from the time Mr. Homan put the tools there at the Jack Robertson place until they were taken. Mr. Homan did not put any more tools of any kind there. All the tools he had there at the well, he moved to the Jack Robertson place."

The property was described in the mortgage as being a complete string of drilling tools located on the Sharp-Mahaney lease in Stephens county, and the undisputed evidence was that the mortgagor owned this string of tools located on the lease, and no other wells were being drilled on said lease. That these tools were moved to the Jack Robertson place at Crystal Falls by the mortgagor, and the only evidence that even tended to show that they were not the same tools was that the tools levied on were not wrapped with burlap and wire; one of the plaintiff's witnesses having testified that the mortgaged tools were wrapped with burlap and wire when they were placed on the Jack Robertson place several months prior to the levy.

Testimony that the tools were not wrapped with burlap and wire at the time of the levy was not proof that they were wrapped with burlap, and there is no evidence that the tools were not wrapped with burlap 18 months prior to the time of the levy.

The above testimony as set out is all the testimony bearing upon the point as to whether or not the tools levied upon were the same tools described in the mortgage given by Homan to the American National Bank, and all of said testimony strongly indicating that Homan had one set of drilling tools and that the same was moved from the Sharp-Mahaney lease at Crystal Falls.

Hence we conclude that there is no evidence to the effect that the tools described in the mortgage were not the same tools that were afterwards levied upon by the sheriff. Hence there was no evidence to support the findings of the jury in answering this special instruction No. 2 and special instruction No. 1 as requested by the defendants.

We fully appreciate that this court would be bound by the findings of a jury if there was any contradictory testimony; however, from the record in this case we are unable to say that the tools levied upon were not the same tools as described in the mortgage.

Special issues Nos. 2 and 3 were seasonably objected to by appellant because the questions submitted in each instance were questions of law for the court and not questions of fact to be passed upon by the jury.

[1] It is our view of the law that the sufficiency of a description in a chattel mortgage, or the sufficiency of any writing placed in evidence in a legal proceeding for the purposes offered, is a question of law for the

court and not a question of fact for the jury. It may be urged that the error in submitting this question of law to the jury was cured by the finding of the jury that the tools levied upon were not the tools upon which plaintiff had a mortgage, plaintiff having no mortgage at all. The following authorities are submitted as sustaining the above proposition: Blair v. Baird, 43 Tex. Civ. App. 134, 94 S. W. 116; Howell v. Hanrick (Tex. Civ. App.) 24 S. W. 823.

[2, 3] The court asked the jury, in special issue No. 3:

"Did the defendant have knowledge of sufficient facts as to the contents of the mortgage to put a reasonably prudent person on inquiry as to whether or not the bank had a mortgage on the tools?"

The defendants had constructive notice of the mortgage and all it contained. They had constructive notice that the mortgage contained the exact language which it did contain. Whether or not that language was sufficient within itself to put a reasonably prudent person on inquiry as to the property covered by the mortgage was a question of law for the court which he should have told the jury. If the mortgage was insufficient as to the description of the property, he should have so instructed the jury. If it was sufficient, he should have so told the jury. H. & T. C. Ry. Co. v. Shirley, 89 Tex. 95, 31 S. W. 291; Blair v. Baird, 43 Tex. Civ. App. 134, 94 S. W. 116; Howell v. Hanrick (Tex. Civ. App.) 24 S. W. 823; Marsh v. Phillips (Tex. Civ. App.) 144 S. W. 1100; 38 Cyc. page 1522. Midkiff v. Benson (Tex. Civ. App.) 235 S. W. 292; Booth et al. v. Campbell (Tex. Civ. App.) 240 S. W. 559; Tinsley v. McIlhenny, 30 Tex. Civ. App. 352, 70 S. W. 793; Simpkins on Contracts, p. 518, and Texas cases there cited.

We very much doubt the evidence being sufficient to justify the court in submitting special issue No. 1 as requested by defendants. However, it is not necessary that we should now pass upon that question, for, no matter what the evidence might have been in regard to the question raised by said special issue No. 1, after they had answered the questions of law erroneously presented to it by special issues Nos. 2 and 3, they could do nothing else but give the answer to special issue No. 1 that they did give.

[4] Freeman v. Moreman (Tex. Civ. App.) 146 S. W. p. 1045:

"A judgment will be reversed for errors which otherwise might not constitute reversible error, where the evidence is very nearly insufficient as a matter of law to sustain the verdict."

For the errors complained of in submitting special issues Nos. 2 and 3, the case must be reversed.

Reversed and remanded.

## On Motion for Rehearing.

[5] Appellee complains of the following holdings of this court in our original opinion:

"Hence we conclude that there is no evidence to the effect that the tools described in the mortgage were not the same tools described in the mortgage given by Homan to the American National Bank, and all of said testimony strongly indicated that Homan had one set of drilling tools and that the same was moved from Sharp-Mahaney lease to Crystal Falls."

"We very much doubt the evidence being sufficient to justify the court in submitting special issue No. 1 as requested by defendants."

Appellee's contention is based upon the fact that part of the tools in question were wrapped with burlap while located at Sharp-Mahaney lease and about 18 months afterwards, and when the attachment was issued and the tools sold, they were not wrapped with burlap; hence appellee claims they could not have been the same set of tools.

We do not think these facts prove, or even tend to prove, that they were not the same string of tools, as it cannot be contended that, because the tools were wrapped at one time, they would have been wrapped eighteen months afterwards. There is no evidence in the record even tending to show that Geo. S. Homan had more than one set of tools, and the mere fact that he had sold one or two tools which were not covered by the mortgage does not show that he had another complete string of tools as described in the mortgage. If Homan had been the owner of two strings of tools, it would perhaps have been an easy matter for defendant to have proven the same; hence in view of the facts proven we must conclude that there was no evidence justifying the submitting of special charge No. 1 of defendants.

And again after a jury had found that there was no mortgage, hence there could have been only one answer to said special issue, and if there was no mortgage, of course the tools could have not been described in the mortgage.

The motion for rehearing is overruled.